**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rafael PONCE–MEDINA, Defendant–Appellant.**

No. 17–50032

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Christopher Alexander, Assistant U.S., Emily J. Keifer, Assistant U.S., Helen H. Hong, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Andrew Kenneth Nietor, Law Office of Andrew Nietor, San Diego, CA, for Defendant–Appellant.

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Rafael Ponce–Medina appeals from the district court's judgment and challenges the 24–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ponce–Medina argues that the district court procedurally erred by failing to consider the Guidelines range and explain the sentence sufficiently. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court used the correctly calculated 10–16 month range as its starting point and adequately explained its reasons for the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc).

Ponce–Medina also contends that his sentence is substantively unreasonable in light of the age of his prior convictions and the district court's alleged overreliance on the 48–month sentence he received for a 2011 immigration conviction before the illegal reentry guideline was amended. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The court acknowledged that some of Ponce–Medina's prior convictions were stale, but nevertheless concluded that an upward variance was warranted in light of his

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

criminal and immigration history as a whole. The court did not place undue weight on the length of any previous sentence. The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

To the extent Ponce–Medina challenges the district court's decision not to grant a fast-track departure, we conclude that the court did not abuse its discretion. *See United States v. Rosales–Gonzales,* 801 F.3d 1177, 1183–84 (9th Cir. 2015) (district court properly exercised its discretion to deny fast-track departure on the basis of defendant's immigration and criminal history).

**AFFIRMED.**